IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                No. CR 19-2752 RB

VANESSA GUTIERREZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. Gutierrez's 3582 Motion to Reduce Sentence Under First Step Act of 2018, filed on July 24, 2020. (Doc. 33.) The issue before the Court is whether Ms. Gutierrez has met all of the requirements for "safety-valve" eligibility pursuant to U.S Sentencing Guidelines (U.S.S.G.) § 5C1.2(a)(1)–(5) and 18 U.S.C. § 3553(f)(1)–(5). Because she has not shown by a preponderance of the evidence that she has "truthfully provided to the Government all information and evidence [she] has concerning [her] offense[,]" U.S.S.G. § 5C1.2(a)(5), the Court finds that she is not currently eligible for the corresponding two-level reduction in her guideline calculation.

**I.  Background**

On February 11, 2020, Ms. Gutierrez pled guilty to one count of possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 2; 24–25.) In relevant part, the parties stipulated in the plea agreement that Ms. Gutierrez "may be eligible for the 'safety valve' provisions" if she meets the relevant criteria. (Doc. 24 ¶ 6.) The plea agreement specified that the "reduction depends on . . . the defendant truthfully providing to the Government, before sentencing, all information

1

and evidence concerning the offenses that were part of the same course of conduct underlying this agreement." (*Id.*)

**II.     Analysis**

Under 18 U.S.C. § 3553(f), commonly known as the safety valve, courts may impose a sentence below a statutory minimum provided that the defendant meets certain circumstances as set out in § 3553(f)(1)–(5). "The burden is on the defendant to prove that he or she meets all the criteria for safety-valve." *United States v. Aguirre-Garcia*, No. CR 08-0823 JB, 2009 WL 5851093, at *4 (D.N.M. Dec. 15, 2009) (citing *United States v. Myers*, 106 F.3d 936, 941 (10th Cir. 1997)). "A defendant can meet this burden by showing, 'by a preponderance of the evidence, that [s]he qualifies for relief from a minimum mandatory sentence.'" *Id.* (quoting *United States v. Patron Montano*, 223 F.3d 1184, 1189 (10th Cir. 2000)). Section 3553(f)(5), which requires the defendant to truthfully provide all information and evidence she has to the Government, is at issue here.

Ms. Gutierrez summarily asserts that she "has given a truthful disclosure regarding her conduct." (Doc. 33 at 1.) It is noted in the Presentence Report (PSR), however, that "[a]t the request of defense counsel, the Defendant's Admission of Facts as contained in the plea agreement will serve as [her] version of the offense." (Doc. 26 (PSR) ¶ 16.) The facts outlined in the plea agreement state: "On or about June 1, 2019 in Doña Ana County, District of New Mexico, I possessed approximately 87.3 grams of methamphetamine for the purpose of distributing the methamphetamine to others. I knew what this methamphetamine was and possessed it intentionally and voluntarily." (Doc. 24 ¶ 9.) The Government argues that this statement is insufficient to render Ms. Gutierrez safety-valve eligible. (Doc. 34 at 3.) The Court agrees.

Ms. Gutierrez's version of the facts in the plea agreement is bare bones. To meet the standard for eligibility, "the defendant must affirmatively volunteer all he or she knows, including facts beyond the basic elements of the crime." *Aguirre-Garcia*, 2009 WL 5851093, at *4 (citing *Myers*, 106 F.3d at 941). The Tenth Circuit describes this requirement as "very broad." *United States v. Stephenson*, 452 F.3d 1173, 1180 (10th Cir. 2006) (citing *United States v. Acosta-Olivas*, 71 F.3d 375, 378 (10th Cir. 1995)). As Ms. Gutierrez has provided absolutely nothing beyond the 42-word statement in her plea agreement, the Court finds that she has failed to show, by a preponderance of the evidence, that she has truthfully provided all information and evidence that she knows concerning her crime and the methamphetamine at issue.

As the Court has not held a sentencing hearing, there is time for Ms. Gutierrez to fully debrief the Government and become safety-valve eligible.

**THEREFORE,**

**IT IS ORDERED** that Ms. Gutierrez's 3582 Motion to Reduce Sentence Under First Step Act of 2018 (Doc. 33) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE